# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 98-8-15 Vtec

---

ANR v Supeno, Supeno & Ernst

---

## ENTRY REGARDING MOTION

Count 1, ANR Enfc.Administrative Order (98-8-15 Vtec)
Count 2, ANR Enfc.Administrative Order (98-8-15 Vtec)
Count 3, ANR Enfc.Administrative Order (98-8-15 Vtec)

Title:         Motion to Strike Interrogatories 19 & 20 (Motion 2)
Filer:         Agency of Natural Resources
Attorney:      John S. Zaikowski
Filed Date:    November 30, 2015

Response filed on 12/09/2015 by Attorney David E. Bond for Respondent Barbara J. Ernst
       Opposition

**The motion is GRANTED.**

This matter is an enforcement action by the Vermont Agency of Natural Resources (ANR) against Francis J. Supeno, Barbara L. Supeno, and Barbara J. Ernst (Respondents) for alleged wastewater and water supply violations. ANR issued an administrative order upon Respondents, which assessed a $29,325.00 penalty. Respondents appealed the AO to this Court.[1] This Order addresses ANR's motion to strike interrogatories.

Respondents served a set of twenty-two interrogatories on ANR on November 2, 2015. Interrogatory 20 asks ANR to "identify by name, filing date, and docket number, all litigated penalties involving the Agency for the last ten years." Interrogatory 19 asks ANR to "identify all penalties assessed by the Agency under its Administrative Penalty Form, since the current version of the Administrative Penalty Form first came into use." It contains eight subparts, which ask the Agency to state:

        a.    the name of the person penalized;
        b.    the date the penalty was assessed;
        c.    the nature of the alleged violation(s);
        d.    the amount of the penalty assessed;
        e.    an explanation as to how the penalty was calculated;

---

[1] Respondents also filed an action against ANR in the Civil Division, alleging discrimination and other constitutional torts relating to this enforcement action. On November 13, 2015, Respondents filed a motion to stay this proceeding pending the outcome of their civil case. While Respondents' motion to stay was pending in this Court, the Civil Division stayed Respondents' civil action. Respondents' motion to stay is therefore **MOOT.**

f.  whether the penalty that was imposed was an amount arrived at through compromise;
g.  whether the penalty was the topic of litigation;
h.  whether the litigation was filed as an emergency proceeding.

See Defendants' Mot. to Stay Ex. B, filed Nov. 13, 2015.  ANR has used its Administrative Penalty Form for the last six years.

ANR has moved to strike Interrogatories 19 and 20.  ANR argues that these interrogatories are irrelevant in a de novo appeal, that they are overly broad and burdensome, and that they are not necessary to a full and fair determination.  Respondents insist that the information sought "will allow the Court to consider whether the amount of the proposed penalty—weighed against the nonexistent harm—is in proportion to similar violations, and accordingly, whether the Agency's penalty is arbitrary and capricious."  See Defendants' Reply to Opp. to Mot. to Stay at 3, filed Dec. 9, 2015.

Under Vermont Rule of Civil Procedure 26(b)(1), information that is "reasonably calculated to lead to the discovery of admissible evidence" is within the scope of discovery.  This same rule also allows the Court to limit discovery if it is unreasonably duplicative; available from a more convenient source; or unduly burdensome, taking into account the needs of the case.  Discovery is generally even more abridged in environmental enforcement appeals: parties must produce all written statements and information regarding a violation, but "[n]o other discovery or depositions, written interrogatories, or requests to admit shall be permitted except that which is [sic] necessary for a full and fair determination of the proceeding."  4 V.S.A. § 1004.

In an enforcement appeal, the Court reviews administrative penalties de novo—that is, we "review and determine anew the amount of a penalty." 10 V.S.A. § 8012(b)(4).  The Court's primary considerations in assessing penalties are the penalty factors in outlined in 10 V.S.A. § 8010.  Some information about past penalties may assist the Court in establishing a penalty baseline for similar violations.  We are therefore hesitant to say, as ANR argues, that the requested information is outside the scope of discovery.

We do agree, however, that it would be unduly burdensome to require ANR to compile this information.  Respondents' interrogatories, which ask for details on *every* administrative order ANR has issued for the last six years and every litigated order for the last ten, are very broad.  These questions would yield a significant amount of unhelpful material, and would be time-consuming to answer.  Furthermore, the sum at stake in this proceeding—$29,350.00—is likely less than the legal fees the parties would incur through lengthy discovery.  And, as ANR points out, Respondents could compile much of this information themselves by examining the final administrative orders posted on ANR's website (which include decisions by this Court for appealed administrative orders).  See ANR Compliance and Enforcement Division, Administrative Orders, http://ftp.anr.state.vt.us/dec/co/enf/cfm/orders/enf-orders-AO.cfm (last visited June 6, 2016).  While public records do not provide all of the information requested—for instance, Respondents could not glean "an explanation as to how the penalty was calculated" (Interrogatory 19(e)) or learn whether a penalty was the result of a settlement (Interrogatory 19(f))—it would be unduly burdensome to require ANR to provide this information for all enforcement cases for the last six years, given that only a small portion of these enforcement cases would provide a useful comparison for this appeal.

The Court **GRANTS** ANR's motion to strike Interrogatories 19 and 20 because they are unduly burdensome given the needs of this case and because such broad requests for

information are not necessary to a full and fair determination in this matter. See V.R.C.P. 26(b)(1); 4 V.S.A. § 1004(b).

The Court will schedule a status conference to discuss a schedule for moving forward in this proceeding.

So ordered.

Electronically signed on June 09, 2016 at 03:33 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
John S. Zaikowski (ERN 4276), Attorney for Petitioner Agency of Natural Resources
David E. Bond (ERN 3647), Attorney for Respondent Francis Supeno
David E. Bond (ERN 3647), Attorney for Respondent Barbara Supeno
David E. Bond (ERN 3647), Attorney for Respondent Barbara J. Ernst